# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                               )
                               )
                               )
      v.                           )       I.D. No. 1408009170
                               )
                               )
CARL R. RHOADES,          )
                               )
      Defendant.              )

## <u>ORDER</u>

**AND NOW TO WIT**, this 17th day of December 2019, upon consideration of Carl R. Rhoades' ("Defendant") Motion for Modification of Sentence, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1.       On November 18, 2015, Defendant was convicted after a two-day jury trial of Drug Dealing, Aggravated Possession, Disregarding a Police Officer's Signal, Resisting Arrest, and related offenses.[1] On April 8, 2016, Defendant was declared an habitual offender,[2] and was sentenced on April 8, 2016, accordingly.[3]

---

[1] *See* Verdict Sheet, *State of Delaware v. Carl R. Rhoades*, ID No. 1408009170, D.I. 24 (Del. Super. Nov. 18, 2015).

[2] *See* Motion to Declare Defendant An Habitual Offender Granted, *State of Delaware v. Carl R. Rhoades*, ID No. 1408009170, D.I. 31 (Del. Super. Apr. 8, 2016).

[3] *See* Sentence Order, *State of Delaware v. Carl R. Rhoades*, ID No. 1408009170, D.I. 32 (Del. Super. Apr. 8, 2016).

Defendant appealed his conviction, and the Delaware Supreme Court held that the Drug Dealing and Aggravated Possession charges should have merged for sentencing purposes, and remanded to this Court for resentencing.[4]

1. On March 31, 2017, Defendant was resentenced as follows: (1) For Drug Dealing, Defendant was sentenced to six years at Level V; (2) For Disregarding a Police Signal, he received two years at Level V, suspended for two years at Level IV Department of Correction ("DOC") Discretion, suspended after six months, for one year at Level III; and (3) For Resisting Arrest, he received one year at Level V, suspended for one year at Level I.[5] Defendant was ordered to pay fines for the remaining charges.[6]

2. On September 27, 2019, Defendant filed this request to modify his sentence[7] to allow him to live at his mother's house or to modify his Level IV sentence to be "added" to his Level III sentence.[8] In support of his motion, Defendant states the following grounds for relief: (1) dissatisfaction with "conditions" of his probation; (2) plans to seek employment opportunities; and (3)

---

[4] *See* Mandate Filed From Supreme Court: Case Remanded to Superior Court, *State of Delaware v. Carl R. Rhoades*, Crim. ID No. 1408009170, D.I. 39 (Del. Dec. 20, 2016); *see also Rhoades v. State*, 152 A.3d 123, 2016 WL 7011352, at *3 (Del. Nov. 30, 2016) (TABLE).

[5] *See* Review/Resentencing, Defendant Re-Sentence, *State of Delaware v. Carl R. Rhoades*, Crim. ID No. 1408009170, D.I. 40 (Del. Super. Mar. 31, 2017).

[6] Sentence: ASOP Order Signed and Filed on 04/03/17, *State of Delaware v. Carl R. Rhoades*, Crim. ID No. 1408009170, D.I. 41 (Del. Super. Mar. 31, 2017).

[7] Defendant's Letter Filed, *State of Delaware v. Carl R. Rhoades*, Crim. ID No. 1408009170, D.I. 43 (Del. Super. Sept. 27, 2019) [hereinafter "Def.'s Mot."].

[8] Def.'s Mot. at page 2.

previous probation experience where Defendant was able live at his mother's residence.[9]

3. Defendant does not specifically cite to Superior Court Criminal Rule 35(b) in his motion. However, in his letter he asks the Court to change the conditions of his Level IV sentence. Generally, "[t]here is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence."[10] The Court therefore considers this request under Superior Court Criminal Rule 35(b).

4. Under Rule 35(b), "[t]he Court may . . . reduce the . . . term or conditions of partial confinement or probation, at any time."[11] Defendant is not time-barred because he does not seek to modify or reduce his Level V sentence, but rather requests a reduction of his probation. However, this is Defendant's second request.[12]

5. This Court denied a Motion to Modify Sentence on August 18, 2019.[13] Superior Court Criminal Rule 35(b) also provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[14] A motion is considered repetitive when it "is preceded by an earlier Rule 35(b) motion, even if the subsequent motion

---

[9] *See generally* Def.'s Mot.

[10] *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003).

[11] SUPER. CT. CRIM. R. 35(b).

[12] *See* Motion for Modification, *State of Delaware v. Carl R. Rhoades*, ID No. 1408009170, D.I. 41 (Del. Super. June 24, 2019).

[13] *See* Motion for Modification, *State of Delaware v. Carl R. Rhoades*, ID No. 1408009170, D.I. 42 (Del. Super. Aug. 18, 2019).

[14] SUPER CT. CRIM. R. 35(B) (emphasis added).

3

raises new arguments."[15]  The bar to repetitive motions has no exception.  It is absolute and flatly "prohibits repetitive requests for reduction of sentence."[16]  This second Rule 35(b) motion is therefore barred as repetitive.

6.  Even if not time-barred, the bases for modification are without merit. No additional information has been provided to the Court that would warrant a modification of this sentence. As such, the sentence was and remains appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Modification is **DENIED**.

Vivian L. Medinilla
Judge

oc:  Prothonotary
cc:  Department of Justice
     Investigative Services
     Defendant

---

[15] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[16] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. 2002). *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. 2008) (Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del. 2004) (defendant's "motion was repetitive, which also precluded its consideration by the Superior Court.").